1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11   UNITED STATES OF AMERICA,

12                    Plaintiff,

13            v.                                    CASE NO. CR05-0231C

14   GEORGE WEGERS, et al.,                         ORDER

15                    Defendants.

16        This matter comes before the Court on Defendant Gerald Raschka's motion *in limine* to exclude

17   statements by certain of his co-defendants (Dkt. No. 538).  Having considered the papers submitted for

18   and against motion in light of the complete record in this case, and finding oral argument unnecessary, the

19   Court DENIES Defendant's motion as premature.

20        Raschka is one of twenty-eight defendants in this prosecution, and is named in two of the thirty-

21   six counts in the First Superseding Indictment ("FSI").  With eight other co-defendants, he is charged in

22   Count 12 as a co-conspirator in the Bandidos organization's conspiracy to traffic in stolen vehicles and

23   vehicle parts.  (FSI 22–23.)  He is also one of six co-conspirators charged in Count 14 with possession

24   of, and intent to sell, a motorcycle with the VIN obliterated, in violation of 18 U.S.C. § 2321(a).

25

26   ORDER – 1

1  (*Id.* 24–25.)  Count 14 is one of four offenses allegedly committed in furtherance of the larger conspiracy

2  in Count 12.  (*Id.* 24–26.)

3       Based on the number of distinct conspiracies alleged in the FSI, Raschka requests an order

4  excluding from trial all statements made by those co-defendants *not* charged in Counts 12 through 16.

5  (*See* Def.'s Mot. 2.)  He concedes that "it is unknown which defendants will go to trial and which

6  statements of coconspirators will be offered by the government," but argues nonetheless that a pretrial

7  order is required.  (Def.'s Reply 6–7.)  The government responds that Raschka's motion is premature

8  based on current plea negotiations with a number of defendants and its intent to produce a second

9  superseding indictment in early December.  (Pl.'s Opp'n 12.)

10       The Court agrees that Raschka's motion is premature given the fluid state of affairs in this case,

11  which may soon encompass a different universe of defendants and charges.  He has not alleged that any

12  prejudice will result if he simply renews his motion closer to trial when the full range of evidence is better

13  understood by all parties.  Accordingly, the Court DENIES Defendant Raschka's motion without

14  prejudice.

15       SO ORDERED this 17th day of November, 2005.

16

17

18                     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26  ORDER – 2